GEORGE E. AKWO (State Bar #164670)
Law Offices Of George E. Akwo
12080 Ventura Place
Suite D
Studio City, CA 91604
Telephone: (310) 435-9406
Facsimile: (310) 496-2458
Email: george@akwolaw.com

OPHIR J. BITTON (State Bar #204310)
Bitton & Associates
12080 Ventura Place
Suite D
Studio City, CA 91604
Telephone: (818) 524-1223
Facsimile: (818) 524-1224
Email: ophir@bittonlaw.com

Attorneys for Plaintiff
SOLID 21 INC.

FILED

2011 JAN 14 PM 2:18

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES

BY _____

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOLID 21, INC., a Nevada Corporation headquartered in Los Angeles, California, <br><br> Plaintiff, <br><br> vs. <br><br> HUBLOT OF AMERICA, a Florida Corporation; LVMH MOET HENNESSY LOUIS VUITTTON, INC., a Delaware Corporation; LVMH WATCH & JEWELRY USA, INC., a Delaware Corporation; LVMH MOET HENNESSY LOUIS VUITTON S.A., a French Corporation; and DOES 1-10, inclusive, <br><br> DEFENDANTS. | CASE NO. CV11 468 - JSL (JC) <br><br> **COMPLAINT FOR:** <br><br> 1. **STATUTORY TRADEMARK INFRINGEMENT;** <br> 2. **COMMON LAW TRADEMARK INFRINGEMENT;** <br> 3. **UNFAIR COMPETITION;** <br> 4. **FALSE DESCRIPTION;** <br> 5. **INJUNCTIVE RELIEF;** <br> 6. **DECLARATORY RELIEF** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff SOLID 21 INC. (hereinafter "Plaintiff" and/or "SOLID 21"), a Nevada

Corporation with its principal place of business in Los Angeles, California, by and through its

Trademark Complaint For Damages

1

1 | undersigned attorneys, alleges for its Complaint against defendants HUBLOT OF AMERICA, a

2 | Florida Corporation; LVMH MOET HENNESSY LOUIS VUITTTON, INC., a Delaware

3 | Corporation; LVMH WATCH & JEWELRY USA, INC., a Delaware Corporation; their parent

4 | company LVMH MOET HENNESSY LOUIS VUITTON S.A., a French Corporation;  and

5 | DOES 1-10, inclusive, (collectively, "DEFENDANTS") as follows:

## I.        NATURE OF THE ACTION

7 | 1.      This is a complaint for Trademark Infringement, Unfair Competition, and False

8 | Description arising in Common law and under §§ 32 and 43 of the Lanham Act, 15 U.S.C. §§

9 | 1114(1) (Trademark Infringement) and 1125(a) and (c) (Unfair Competition and False

10 | Description), for Unfair Business Practice arising under California Business and Professions

11 | Code §§ 14245 et seq. and 17200 et seq., and for declaratory relief (see, 15 U.S.C. § 1065).

12 | 2.      SOLID 21 is the owner of the registered and incontestable trademark RED GOLD® for,

13 | *inter alia,* fine jewelry and watches made from a special alloying of gold with a distinct color

14 | made into fine jewelry in connection with the manufacture, marketing and advertising of

15 | watches, necklaces, bracelets, rings, anklets, cuff links, ornamental hair pins, belt buckles of

16 | precious metal, tie clips and pegs and earrings known as "RED GOLD®."  The trademark is

17 | capsulated in the following trademark information and in the trademark certificate attached

18 | hereto as Exhibit 1 and incorporated herein as though fully set forth:

19 |          U.S. Trademark Registration No. 2,793,987

20 |          Mark: RED GOLD(R)

21 |          Registered:  December 16, 2003

22 |          Owner: SOLID 21 Incorporated

23 |      In addition, on August 21, 2009, the Commissioner of Trademarks, United States Patent

24 | and Trademark Office issued the following Notice of Use and Incontestability in regards to

25 | Plaintiff's RED GOLD® trademark (a true and correct copy of said Notice of Incontestability is

26 | attached hereto as Exhibit 2 and Incorporated herein as though fully set forth):

27 |              "The combined declaration of use and incontestability filed in connection

28 |                 with the registration identified below meets the requirements of Sections 8 and 15

Trademark Complaint For Damages

of the Trademark Act, 15 USC. §§1058 and 1065.  The combined declaration is

accepted and acknowledged.  The registration remains in force.

> REG NUMBER: 2793987
>
> MARK: RED GOLD®
>
> OWNER: Solid 21 Incorporated

3.     SOLID 21 seeks equitable relief, as well as compensatory and monetary damages, costs

and disbursements.  (15 U.S.C. §§ 1116 and 1117.)  Plaintiff also brings this action for monetary

damages it has suffered and disgorgement of DEFENDANTS' profits as a result of

DEFENDANTS' unfair competition and intentional violation of Section 43(a) of the Lanham

Act, 15 U.S.C. § 1125(a).

## II.     JURISDICTION AND VENUE

4.     This Court has original subject-matter jurisdiction over this action pursuant to 15 U.S.C.

§ 1121 and 28 U.S.C. §§ 1331, 1338(a) and 1338(b) because this action involves substantial

claims arising under the United States Trademark Act of 1946, as amended, 15 U.S.C. 1051, *et*

*seq.*, including claims Trademark Infringement, Unfair Competition, and False Description

arising under §§ 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114(1) (Trademark Infringement)

and 1125(a) (Unfair Competition and False Description),  for Unfair Business Practice arising

under California Business and Professions Code § 17200 et seq., and for injury to business

reputation.

This Court also has supplemental jurisdiction over related state dilution and unfair

competition in violation of the laws of the State of California pursuant to 28 U.S.C. §§ 1338(b),

1367 and the doctrine of supplemental jurisdiction, because such state law claims are so related

to the claims within the Court's original jurisdiction that they form part of the same case and

controversy.

5.     This Court has personal jurisdiction over the defendants because they have personally

availed themselves by doing substantial business in California.

6.     Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because a substantial

part of the events or omissions giving rise to the claims occurred in this district, and a substantial

Trademark Complaint For Damages

1   part of the property that is the subject of the action is situated in this district.

2   ### III.    INTRADISTRICT ASSIGNMENT

3   7.      This is a trademark case subject to district-wide assignment under Local Rule 3-2(c).

4   ### IV.    THE PARTIES

5   8.      SOLID 21 is a corporation organized and existing under the laws of the State of Nevada

6   with its principal place of business at 22287 Mulholland Highway Suite 82, Calabasas, CA

7   91302.

8   9.      SOLID 21 is informed and believes and on this basis alleges that defendants HUBLOT

9   OF AMERICA, a Florida Corporation; LVMH MOET HENNESSY LOUIS VUITTTON, INC.,

10  a Delaware Corporation; LVMH WATCH & JEWELRY USA, INC., a Delaware Corporation,

11  are all wholly owned subsidiaries or agents of LVMH MOET HENNESSY LOUIS VUITTON

12  S.A., a French Corporation, and together they infringe SOLID 21's trademark through the

13  following wholly-owned subsidiary/brand name: HUBLOT and LOUIS VUITTON.  SOLID 21

14  is informed and believes and on this basis alleges that defendant LVMH MOET HENNESSY

15  LOUIS VUITTON is a corporation organized and existing under the laws of France. They are

16  infringing Plaintiff's trademark through the following wholly-owned subsidiary/brand name:

17  HUBLOT and LOUIS VUITTON.

18  10.     Defendants DOES 1 to 10, inclusive are now, and/or at all times mentioned in this

19  Complaint were individuals and/or are licensed to do business and/or actually doing business in

20  the United States. Plaintiffs do not know the true names and capacities, whether individual,

21  partner or corporate, of DOES 1 to 10, inclusive and for that reason DOES 1 to 10 are sued under

22  such fictitious names pursuant to Federal Rules of Civil Procedure Section 19-1 and federal case

23  law. SOLID 21 will seek leave of court to amend this Complaint to allege such names and

24  capacities as soon as they are ascertained.  Defendants, and each of them, are now and/or at all

25  times mentioned in this Complaint were in some manner legally responsible for the events,

26  happening and circumstances alleged in this Complaint. Defendants, and each of them,

27  proximately subjected Plaintiffs to the unlawful practices, wrongs, complaints, injuries and/or

28  damages alleged in this Complaint. Defendants, and each of them, are now and/or at all times

Trademark Complaint For Damages

1   mentioned in this Complaint were the agents, servants and/or employees of some or all other

2   Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are

3   now and/or at all times mentioned in this Complaint were acting within the course and scope of

4   that agency, servitude and/or employment. Defendants, and each of them, are now and/or at all

5   times mentioned in this Complaint were members of and/or engaged in a joint venture,

6   partnership and common enterprise, and were acting within the course and scope of, and in

7   pursuance of said joint venture, partnership and common enterprise. Defendants, and each of

8   them, at all times mentioned in this Complaint concurred and contributed to the various acts and

9   omissions of each and every one of the other Defendants in proximately causing the complaints,

10   injuries and/or damages alleged in this Complaint. Defendants, and each of them, at all times

11   mentioned in this Complaint approved of, condoned and/or otherwise ratified each and every one

12   of the acts and/or omissions alleged in this Complaint. Defendants, and each of them, at all times

13   mentioned in this Complaint aided and abetted the acts and omissions of each and every one of

14   the other Defendants thereby proximately causing the damages alleged in this Complaint.

15                    **V.       FACTS COMMON TO ALL ALLEGATIONS**

16   11.      SOLID 21 is the owner of a United States trademark registration as it relates to fine

17   jewelry, watches, and related goods and services using its famous RED GOLD® mark, including

18   Reg. No. 2,793,987 (referred to hereinafter as the "RED GOLD® Registrations") (see Exhibit 1

19   hereto).

20   12.      For over five years, SOLID 21 has been continuously and exclusively using and

21   promoting its RED GOLD® trademark in connection with the design, manufacture, marketing

22   and advertising of fine jewelry, watches and related goods and services.

23   13.      The RED GOLD® Registration is valid, subsisting and prima facie evidence of the

24   validity of the mark covered by the RED GOLD® Registration, SOLID 21's ownership of this

25   mark, and SOLID 21's exclusive right to use the RED GOLD® Registration in commerce

26   nationwide.  The RED GOLD(R) mark for Reg. No. 2,793,987 has become incontestable.

27   14.      SOLID 21 has spent significant sums advertising and promoting its products and services

28   throughout the United States and expanding its business offering goods and related products and

Trademark Complaint For Damages

1  services under the distinctive RED GOLD® mark. Solid 21 has spent millions of dollars in

2  promotional efforts to brand RED GOLD(R)®, including direct advertising, aggressive public

3  relations effort and product placement.  As part of this effort, Solid 21 has hosted several all-

4  jewelry runway shows highlighting RED GOLD® in cites such s New York, Washington DC,

5  Los Angeles, Lagos, London and Las Vegas.  Solid 21 has advertised in several jewelry trade and

6  consumer magazines and has been featured on several television shows, both domestically and

7  internationally. Solid 21 has promoted RED GOLD® on several award shows such as the

8  Academy Awards ("The Oscars"), Billboard Awards, Video Music Awards. Solid 21's celebrity

9  clients have featured RED GOLD® in their songs, music videos and movies.  As a result of these

10  efforts and continuous use, the RED GOLD® mark has become famous and associated with the

11  fine jewelry designed, manufactured, marketed and advertised by SOLID 21.

12  15.    SOLID 21 both adds to and relies upon the value and goodwill of the RED GOLD® Mark

13  to derive income from its business activities in connection with RED GOLD® and related goods

14  and services.

15  16.    SOLID 21 has developed watches and jewelry items using its RED GOLD® mark, all of

16  which have been successfully introduced into the marketplace.

17  17.    DEFENDANTS are international watch manufacturers and designers.

18  18.    Upon information and belief, at various times after SOLID 21, DEFENDANTS began

19  selling, marketing and advertising fine jewelry utilizing the RED GOLD® mark.  Upon

20  information and belief, DEFENDANTS advertised the manufacture and sale of fine jewelry and

21  watches using the RED GOLD® mark in their branding and marketing materials.

22  19.    SOLID 21 is informed and believes and on this basis alleges that DEFENDANTS also

23  allowed third parties to promote their product lines of fine jewelry and watches under the RED

24  GOLD® mark.

25  20.    DEFENDANTS are national and international watch manufacturers.  SOLID 21 is

26  informed and believes and on this basis alleges that DEFENDANTS utilized the RED GOLD®

27  mark in their marketing, advertising and sales of their product line of fine jewelry with full

28  knowledge of SOLID 21 and SOLID 21's use of and prior rights in the RED GOLD® mark with

1    respect to the manufacture, marketing, advertising and sale of fine jewelry, or in the alternative,

2    in negligent disregard for SOLID 21's trademark.

3    21.    DEFENDANTS' use of RED GOLD® with respect to their marketing, advertising and

4    sale of their own product line of fine jewelry is directly competitive with Plaintiff's use of RED

5    GOLD® in the same market and is likely to cause confusion, reverse confusion, mistake, and/or

6    deception as to the source of DEFENDANTS' goods and services.

7    22.    SOLID 21 pleads the following facts concurrently or in the alternative to the prior facts

8    herein:

9        A.    SOLID 21 spent money and effort to develop, formulate, and create a metal alloy

10   gold derivative with an amber hue which it developed, branded and marketed as RED GOLD®.

11       B.    SOLID 21 became known and recognized in the fine jewelry and watches

12   marketplace for producing and marketing products including the metal alloy gold derivative with

13   an amber hue which it developed.  Similarly products containing the metal alloy gold derivative

14   with an amber hue became associated with the mark RED GOLD® and with SOLID 21.

15       C.    The gold with the amber hue developed by SOLID 21, in addition to giving

16   SOLID 21's products a distinctive look had the secondary use of identifying SOLID 21 and its

17   mark RED GOLD®.

18       D.    SOLID 21 is informed and believes that in order to capture the goodwill created

19   by SOLID 21's use of the gold alloy color it invented, DEFENDANTS began manufacturing,

20   developing and marketing fine jewelry and watch products using gold treated to create a hue

21   similar to the gold developed by SOLID 21.

22       E.    DEFENDANTS have used gold with this hue, which does not exist in gold's

23   natural state, but must be formulated, in order to create confusion in the marketplace and to

24   benefit from its association with luxury and finely made products – a meaning associated with

25   SOLID 21 and RED GOLD(R).

26   **VI.    FIRST CLAIM FOR RELIEF (COUNT 1) AGAINST ALL DEFENDANTS**

27          (Trademark Infringement under Lanham Act, 15 U.S.C. § 3231)

28   23.    SOLID 21 repeats and re-allege paragraphs 1 through 22 as if fully set forth herein.

Trademark Complaint For Damages

1  24.  SOLID 21 is the owner of all right, title and interest in and to the RED GOLD®

2  Trademark Registration.

3  25.  DEFENDANTS' use of the RED GOLD® mark to market, advertise and sell their

4  product line of fine jewelry and watches is likely to cause confusion, reverse confusion, mistake

5  and/or deception as to the source, sponsorship or approval of DEFENDANTS' product line in the

6  mistaken belief that SOLID 21 has somehow affiliated, connected or associated with

7  DEFENDANTS.

8  26.  DEFENDANTS' aforesaid acts constitute trademark infringement of a federally

9  registered trademark in violation of the Lanham Act, 15 U.S.C. § 1114.

10  27.  By reason of DEFENDANTS' aforesaid acts, SOLID 21 has suffered and will continue to

11  suffer damage and injury to its business, reputation and good will, and will sustain loss of

12  revenue and profits, while DEFENDANTS profit by their prohibited use.

13  28.  Unless and until enjoined by this Court, DEFENDANTS will continue to perform the acts

14  complained of herein and cause said damages and injury, all to the immediate and irreparable

15  harm of SOLID 21.

16  **VII.  FIRST CLAIM FOR RELIEF (COUNT 2) AGAINST ALL DEFENDANTS**

17  (Trademark Infringement under Lanham Act, 15 U.S.C. § 3231)

18  29.  SOLID 21 repeats and re-allege paragraphs 1 through 28 as if fully set forth herein.

19  30.  SOLID 21 is the owner of all right, title and interest in and to the RED GOLD®

20  Trademark Registration.  SOLID 21 has developed an amber hue gold alloy which it uses in the

21  manufacture of its products and which has become associated with the RED GOLD® trademark.

22  31.  DEFENDANTS' have tried to mimic RED GOLD® by applying a red hue in the

23  manufacture of its fine jewelry and watches, such use which is likely to cause confusion, reverse

24  confusion, mistake and/or deception as to the source, sponsorship or approval of

25  DEFENDANTS' product line in the mistaken belief that SOLID 21 has somehow affiliated,

26  connected or associated with DEFENDANTS.

27  32.  DEFENDANTS' aforesaid acts constitute trademark infringement of a federally

28  registered trademark in violation of the Lanham Act, 15 U.S.C. § 1114.

Trademark Complaint For Damages

8

33.     By reason of DEFENDANTS' aforesaid acts, SOLID 21 has suffered and will continue to suffer damage and injury to its business, reputation and good will, and will sustain loss of revenue and profits, while DEFENDANTS profit by their prohibited use.

34.     Unless and until enjoined by this Court, DEFENDANTS will continue to perform the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of SOLID 21.

## VIII.   SECOND CLAIM FOR RELIEF (COUNT 1) AGAINST ALL DEFENDANTS

### (Trademark Infringement under Lanham Act, 15 U.S.C. § 4334)

35.     SOLID 21 repeats and re-alleges paragraphs 1 through 26 and 29 through 34 as if fully set forth herein.

36.     DEFENDANTS' use of the RED GOLD® mark to market, advertise and sell their product line of fine jewelry is likely to cause confusion, reverse confusion, mistake or deception as to the source, sponsorship or approval of DEFENDANTS' product line in the mistaken belief that SOLID 21 has somehow affiliated, connected or associated with DEFENDANTS.

37.     DEFENDANTS' aforesaid acts constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1125(a).

38.     By reason of DEFENDANTS' aforesaid acts, SOLID 21 has suffered and will continue to suffer damage and injury to their business, reputation and good will, and has and will sustain loss of revenues and profits, while DEFENDANTS profit by their prohibited use.

39.     Unless and until enjoined by this Court, DEFENDANTS will continue to perform the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of Plaintiffs.

## IX.   SECOND CLAIM FOR RELIEF (COUNT 2) AGAINST ALL DEFENDANTS

### (Trademark Infringement under Lanham Act, 15 U.S.C. § 4334)

40.     SOLID 21 repeats and re-alleges paragraphs 1 through 29 and 32 through 39 as if fully set forth herein.

41.     DEFENDANTS' use of the amber hue gold alloy developed by SOLID 21 and related to its RED GOLD® Mark, to market, advertise and sell their product line of fine jewelry is likely to

Trademark Complaint For Damages

1  cause confusion, reverse confusion, mistake or deception as to the source, sponsorship or

2  approval of DEFENDANTS' product line in the mistaken belief that SOLID 21 has somehow

3  affiliated, connected or associated with DEFENDANTS.

4  42.    DEFENDANTS' aforesaid acts constitute trademark infringement in violation of the

5  Lanham Act, 15 U.S.C. § 1125(a).

6  43.    By reason of DEFENDANTS' aforesaid acts, SOLID 21 has suffered and will continue to

7  suffer damage and injury to their business, reputation and good will, and has and will sustain loss

8  of revenues and profits, while DEFENDANTS profit by their prohibited use.

9  44.    Unless and until enjoined by this Court, DEFENDANTS will continue to perform the acts

10  complained of herein and cause said damages and injury, all to the immediate and irreparable

11  harm of Plaintiffs.

12          **X.     THIRD CLAIM FOR RELIEF AGAINST ALL DEFENDANTS**

13              (Unfair Competition under the Lanham Act, 15 U.S.C. § 1125(a))

14  45.    SOLID 21 repeats and re-alleges paragraphs 1 through 44 as if fully set forth herein.

15  46.    Through extensive, continuous and exclusive use for over four years, SOLID 21 is the

16  owner of all rights, title and interest in and to, and has acquired secondary meaning in, the

17  distinctive RED GOLD® Mark for its manufacture, marketing, advertising and sale of fine

18  jewelry, watches, and related goods and services.  For the purpose of this cause of action, the

19  mark being the words RED GOLD® used in this order "RED GOLD®" and/or alternatively the

20  amber hue gold alloy created and devised by SOLID 21.

21  47.    Through SOLID 21's ownership of the RED GOLD® Mark and reliance on the value and

22  goodwill of the RED GOLD® Mark, Plaintiff maintains a financial interest in its exclusive use of

23  the RED GOLD® Marks.

24  48.    DEFENDANTS' use of the RED GOLD® Mark to market, advertise and sell their

25  product line of fine jewelry and watches is likely to cause confusion, reverse confusion, mistake

26  or deception as to the source, sponsorship or approval of DEFENDANTS' product line in the

27  mistaken belief that SOLID 21 has somehow affiliated, connected or associated with

28  DEFENDANTS.

49.     DEFENDANTS' aforesaid acts constitute unfair competition with SOLID 21 in violation of the Lanham Act, 15 U.S.C. § 1125(a).

50.     By reason of DEFENDANTS' aforesaid acts, SOLID 21 has suffered and will continue to suffer damage and injury to its business, reputation and good will, and will sustain loss of revenues and profits, while DEFENDANTS profit by their prohibited use.

51.     Unless and until enjoined by this Court, DEFENDANTS' will continue to perform the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of Plaintiffs.

## XI.     FIFTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### (COMMON LAW TRADEMARK INFRINGEMENT)

52.     SOLID 21 repeats and re-alleges paragraphs 1 through 51 as if fully set forth herein.

53.     Defendants acts alleged herein and specifically, without limitation, Defendants' use of the RED GOLD® mark, infringe SOLID 21's exclusive trademark rights in the RED GOLD® mark, in violation of the common law.

54.     As a result of Defendants' acts as alleged above, SOLID 21 has incurred damages in an amount to be proven at trial consisting of, among other things, diminution in the value of the goodwill associated with the RED GOLD® mark.

## XII.    SIXTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### (Unfair Competition under California Business & Professions Code § 17200 et seq.)

55.     SOLID 21 repeats and re-alleges paragraphs 1 through 54 as if fully set forth herein.

56.     Through SOLID 21's ownership of the RED GOLD® Mark and reliance on the value and goodwill of the RED GOLD® Mark, Plaintiff maintains a financial interest in its exclusive use of the RED GOLD® Marks.  For the purpose of this cause of action, the mark being the words RED GOLD® used in this order "RED GOLD®" and/or alternatively the amber hue gold alloy created and devised by SOLID 21.

57.     DEFENDANTS' use of the RED GOLD® mark to market, advertise and sell their product line of fine jewelry is likely to cause confusion, reverse confusion, mistake or deception as to the source, sponsorship or approval of DEFENDANTS' product line in the mistaken belief

Trademark Complaint For Damages

1   that SOLID 21 has somehow affiliated, connected or associated with DEFENDANTS.

2   58.     DEFENDANTS' aforesaid acts constitute unfair competition with Plaintiff within the

3   meaning of California Business and Professions Code § 17200.

4   59.     By reason of DEFENDANTS' aforesaid acts, SOLID 21 has suffered and will continue to

5   suffer damage and injury to their business, reputation and good will, and will sustain loss of

6   revenues and profits, while DEFENDANTS profit by their prohibited use.

7   60.     Pursuant to California Business & Professions Code § 17203, Cisco is entitled

8   to preliminary and permanent injunctive relief ordering DEFENDANTS and each of them to

9   cease this unfair competition, as well as disgorgement of all of DEFENDANTS' profits

10  associated with this unfair competition. Unless and until enjoined by this Court, DEFENDANTS

11  will continue to perform the acts complained of herein and cause said damages and injury, all to

12  the immediate and irreparable harm of SOLID 21.

13  ## XIII.   SEVENTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS

14  (Trademark Dilution under the Lanham Act, 15 U.S.C. § 1125(c))

15  61.     SOLID 21 repeats and re-allege paragraphs 1 through 60 as if fully set forth herein.

16  62.     SOLID 21's RED GOLD® Mark and Registration is a distinctive mark that has become

17  famous, and/or alternatively the amber gold hue created and devised by SOLID 21 is a distinctive

18  mark that has become famous.

19  63.     DEFENDANTS' commercial use of the RED GOLD® mark, in whichever form, to

20  market, advertise and sell their product line of luxury wrist watches and fine jewelry is causing

21  dilution of the distinctive quality of the RED GOLD® Mark and Registration, and/or

22  alternatively the amber gold hue created and devised by SOLID 21.

23  64.     DEFENDANTS' aforesaid acts constitute trademark dilution in violation of the Lanham

24  Act, 15 U.S.C. § 1125(c).

25  65.     By reason of DEFENDANTS' aforesaid acts, SOLID 21 has suffered and will continue to

26  suffer damage and injury to its business, reputation and good will, and will sustain loss of

27  revenues and profits, while DEFENDANTS profit by their prohibited use.

28  66.     Unless and until enjoined by this Court, DEFENDANTS will continue to perform the acts

Trademark Complaint For Damages

1  complained of herein and cause said damages and injury, all to the immediate and irreparable

2  harm of SOLID 21.

3         **XIV.  EIGHTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS**

4         (False Description under the Lanham Act, 15 U.S.C. § 1125(a))

5  67.  SOLID 21 repeats and re-alleges paragraphs 1 through 66 as if fully set forth herein.

6  68.  SOLID 21's RED GOLD® Mark and Registration is a distinctive mark that has become

7  famous, and/or alternatively the amber gold hue created and devised by SOLID 21.

8  69.  DEFENDANTS' commercial use of the RED GOLD® mark, in whichever form, to

9  market, advertise and sell their product line of fine jewelry including watches is likely to create

10  confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection or

11  association of SOLID 21's products, or to deceive consumers as to the origin, sponsorship or

12  approval of SOLID 21's products, all in dilution of the distinctive quality of the RED GOLD(R)

13  Mark and Registration, and/or alternatively the RED GOLD(R) hue created and devised by

14  SOLID 21.

15  70.  SOLID 21 avers that DEFENDANTS' use of the term RED GOLD® comprises a false

16  description or representation of such business or products under 15 U.S.C. § 1125(a) (Section

17  43(a) of the Lanham Act).

18  71.  By reason of DEFENDANTS' aforesaid acts, SOLID 21 has suffered and will continue to

19  suffer damage and injury to its business, reputation and good will, and will sustain loss of

20  revenues and profits, while DEFENDANTS profit by their prohibited use.

21         **XV.  NINTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS**

22         (Trademark Dilution under California Business and Professions Code 14330)

23  72.  SOLID 21 repeats and realleges paragraphs 1 through 71 as if fully set forth herein.

24  73.  SOLID 21 is the owner of the famous and distinctive RED GOLD® Mark and

25  Registration, and/or alternatively the amber gold hue created and devised by SOLID 21.

26  74.  DEFENDANTS' commercial use of the RED GOLD® mark, in whichever form, to

27  market, advertise and sell their product line of fine jewelry is causing likelihood of injury to

28  business reputation or of dilution of the distinctive quality of the RED GOLD® Mark and

Trademark Complaint For Damages

13

1 | Registration.

2 | 75.     DEFENDANTS' aforesaid acts constitute trademark dilution in violation of California

3 | Business and Professions Code 14330.

4 | 76.     By reason of DEFENDANTS' aforesaid acts, SOLID 21 has suffered and will continue to

5 | suffer damage and injury to its business, reputation and good will, and will sustain loss of

6 | revenues and profits, while DEFENDANTS profit by their prohibited use.

7 | 77.     Unless and until enjoined by this Court, DEFENDANTS will continue to perform the acts

8 | complained of herein and cause said damages and injury, all to the immediate and irreparable

9 | harm of SOLID 21.

10 | ### XVI.   TENTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS

11 | (Declaratory Relief)

12 | 78.     SOLID 21 repeats and realleges paragraphs 1 through 77 as if fully set forth herein.

13 | 79.     An actual controversy has arisen and now exists relating to the rights and duties of the

14 | parties herein in the RED GOLD® Mark for which judicial determination is required.

15 | 80.     SOLID 21 is and has been, for over five years, the owner of the RED GOLD® mark as

16 | evidenced by, among other things, the RED GOLD® Registrations.

17 | 81.     SOLID 21 has taken all necessary steps to perfect its RED GOLD® Registrations and has

18 | filed all items necessary to make the RED GOLD® mark incontestable.

19 | 82.     SOLID 21 has also devised and created a gold alloy with an amber hue, which it has

20 | branded and marketed as "RED GOLD®" such a shade and hue which does not exist in gold's

21 | natural state.  This is hue is also a mark of SOLID 21.

22 | 83.     DEFENDANTS and each of them have infringed upon SOLID 21's rights by, among

23 | other things, using the "RED GOLD®" mark to describe and market its products, and/or

24 | alternatively, by trying to duplicate the amber hue alloy gold developed and devised by SOLID

25 | 21, for use with their products.

26 | 84.     As such a judicial determination is needed setting forth the respective rights, interests,

27 | and duties of all parties to this action.  Specifically, SOLID 21 seeks the following declaratory

28 | relief: (1) that its RED GOLD® Registrations owned by SOLID 21 be deemed incontestable in

Trademark Complaint For Damages

1   accordance with 15 USC §1065; (2) that the RED GOLD® amber hue alloy is an incontestable

2   mark owned by SOLID 21; and (3) that DEFENDANTS, each or some of them, acted in bad faith

3   in their infringing use of the RED GOLD® mark and/or in the alternative the RED GOLD®

4   amber hue alloy devised and created by SOLID 21.

5                        **XVII.  PRAYER FOR RELIEF**

6            WHEREFORE, SOLID 21 prays that the Court award the following relief:

7   1.        That DEFENDANTS, and their agents, officers, employees, representatives, successors,

8   assigns, attorneys and all other persons acting for, with, by, through or under authority from

9   DEFENDANTS, and each of them, be preliminarily and permanently enjoined from:(a) using

10  SOLID 21's trademark depicted in Exhibit 1, or any colorable imitation thereof; (b) using any

11  trademark that imitates or is confusingly similar to or in anyway similar to SOLID 21's

12  trademark RED GOLD®, or that is likely to cause confusion, mistake, deception, or public

13  misunderstanding as to the origin of SOLID 21's products or their connectedness to

14  DEFNENDANTS, and each of them.

15  2.        That DEFENDANTS, and each of them, be required to file with the Court and serve on

16  SOLID 21 within thirty (30) days after entry of the Injunction, a report in writing under oath

17  setting forth in detail the manner and form in which DEFENDANTS, and each of them, have

18  complied with the Injunction;

19  3.        That, pursuant to 15 U.S.C. § 1117, DEFENDANTS be held liable for all damages

20  suffered by SOLID 21 resulting from the acts alleged herein;

21  4.        That, pursuant to 15 U.S.C. § 1117, DEFENDANTS, and each of them, be compelled to

22  account to SOLID 21, and that SOLID 21 be awarded, for any and all profits, gains, and

23  advantages derived by DEFENDANTS, and each of them,  from its illegal acts complained of

24  herein;

25  5.        That DEFENDANTS be ordered pursuant to 15 U.S.C. § 1118 to deliver up for

26  destruction product inventory (including watches and jewelry) all containers, labels, signs, prints,

27  packages, wrappers, receptacles, advertising, promotional material or the like in possession,

28  custody or under the control of DEFENDANTS bearing a trademark found to infringe SOLID

1 | 21's RED GOLD® trademark rights, as well as all plates, matrices, and other means of making

2 | the same;

3 | 6.      That DEFENDANTS, and each of them, be ordered pursuant to 15 U.S.C. § 1118 to

4 | deliver up for destruction all gold and gold products, watches, and jewelry, and the like

5 | manipulated with an amber hue alloy hue to resemble and mimic the RED GOLD® amber hue

6 | alloy gold hue, in possession, custody or under the control of DEFENDANTS, and each of them,

7 | bearing a trademark found to infringe SOLID 21's RED GOLD® trademark rights, as well as all

8 | plates, matrices, and other means of making the same;

9 | 7.      That the Court declare this to be an exceptional case and award SOLID 21 its full costs

10 | and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1117(a) and 1125(c), and award SOLID

11 | 21 punitive and treble damages due to DEFENDANTS' willful and intentional acts of trademark

12 | infringement, trademark dilution and unfair competition;

13 | 8.      Injunctive relief prohibiting DEFENDANTS, and each of them, from engaging in the

14 | unlawful, unfair, deceptive, and misleading business practices described herein;

15 | 9.      Restoration of all money gained by DEFENDANTS, and each of them, by wrongly using

16 | the unlawful, unfair, deceptive, and misleading business practices described in this Complaint;

17 | 10.     That it be determined that SOLID 21's RED GOLD® Registrations are incontestable;

18 | 11.     That it be determined that SOLID 21's RED GOLD® amber hue alloy is an incontestable

19 | mark owned by SOLID 21;

20 | 12.     That it be determined that DEFENDANTS, each or some of them, acted in bad faith in

21 | their infringing use of the RED GOLD® mark and/or in the alternative the RED GOLD® amber

22 | hue alloy devised and created by SOLID 21

23 | 13.     That the Court grant Plaintiff any other remedy to which it may be entitled as provided

24 | for in 15 U.S.C. §§ 1116 and 1117 or under state law;

25 | 14.     Interest on the above-requested damages;

26 | 15.     Costs of this action and,

27 | ///

28 | ///

Trademark Complaint For Damages

16.    For such and other further relief that the court deems just and p...

Dated: January 12, 2011

RESPECTFULLY SUBMITTED:

BITTON & ASSOCIATES

OPHIR J. BITTON
Attorneys for Plaintiff SOLID 21, INC.

Trademark Complaint For Damages

17

**DEMAND FOR TRIAL**

Pursuant to *Federal Rule of Civil Procedure* §38(b) SOLID 21 hereby
jury.

Dated: January 12, 2011

RESPECTFULLY SUBMITTED:

BITTON & ASSOCIATES

OPHIR J. BITTON
Attorneys for Plaintiff SOLID 21, INC.

Trademark Complaint For Damages

**EXHIBIT 1**

# The United States of America

## CERTIFICATE OF REGISTRATION
### PRINCIPAL REGISTER

The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.

The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Director of the United States Patent and Trademark Office; and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.

A copy of the Mark and pertinent data from the application are part of this certificate.

This registration shall remain in force for TEN (10) years, unless terminated earlier as provided by law, and subject to compliance with the provisions of Section 8 of the Trademark Act of 1946, as Amended.



Director of the United States Patent and Trademark Office

## Requirements for Maintaining a
## Federal Trademark Registration

## SECTION 8: AFFIDAVIT OF CONTINUED USE

The registration shall remain in force for 10 years, except that the registration shall be canceled for failure to file an Affidavit of Continued Use under Section 8 of the Trademark Act, 15 U.S.C. §1058, upon the expiration of the following time periods:

    i)  At the end of 6 years following the date of registration.
    ii)  At the end of each successive 10-year period following the date of registration.

*Failure to file a proper Section 8 Affidavit at the appropriate time will result in the cancellation of the registration.*

## SECTION 9: APPLICATION FOR RENEWAL

The registration shall remain in force for 10 years, subject to the provisions of Section 8, except that the registration shall expire for failure to file an Application for Renewal under Section 9 of the Trademark Act, 15 U.S.C. §1059, at the end of each successive 10-year period following the date of registration.

*Failure to file a proper Application for Renewal at the appropriate time will result in the expiration of the registration.*

No further notice or reminder of these requirements will be sent to the Registrant by the Patent and Trademark Office. It is recommended that the Registrant contact the Patent and Trademark Office approximately one year before the expiration of the time periods shown above to determine the requirements and fees for the filings required to maintain the registration.

Int. Cl.: 14

Prior U.S. Cls.: 2, 27, 28 and 50

United States Patent and Trademark Office

Reg. No. 2,793,987
Registered Dec. 16, 2003

TRADEMARK
PRINCIPAL REGISTER

RED GOLD

SOLID 21 INCORPORATED (NEVADA COR-
PORATION)
315 WEST 9TH STREET SUITE 1211
LOS ANGELES, CA 90015

FOR: FINE JEWELRY MADE OF A SPECIAL
ALLOYING OF GOLD WITH A DISTINCT COLOR
MADE INTO FINE JEWELRY, NAMELY,
WATCHES, NECKLACES, BRACELETS, RINGS,
ANKLETS, CUFF LINKS, ORNAMENTAL HAIR
PINS, BELT BUCKLES OF PRECIOUS METAL, TIE

CLIPS AND PEGS, AND EARRINGS, IN CLASS 14
(U.S. CLS. 2, 27, 28 AND 50).

FIRST USE 12-13-1989; IN COMMERCE 12-13-1989.

SER. NO. 76-434,708, FILED 7-25-2002.

ALICE SUE CARRUTHERS, EXAMINING ATTOR-
NEY

**EXHIBIT 2**

Side - 1



## NOTICE OF ACCEPTANCE AND ACKNOWLEDGEMENT OF §§8 & 15 DECLARATION
### MAILING DATE: Aug 21, 2009

The combined declaration of use and incontestability filed in connection with the registration identified below meets the requirements of Sections 8 and 15 of the Trademark Act, 15 U.S.C. §1058 and 1065. The combined declaration is accepted and acknowledged. The registration remains in force. For further information about this notice, visit our website at: http://www.uspto.gov. To review information regarding the referenced registration, go to http://tarr.uspto.gov.

**REG NUMBER:** 2793987
**MARK:** RED GOLD
**OWNER:** Solid 21 Incorporated

Side - 2

UNITED STATES PATENT AND TRADEMARK OFFICE
COMMISSIONER FOR TRADEMARKS
P.O. BOX 1451
ALEXANDRIA, VA 22313-1451

FIRST-CLASS
MAIL
U.S POSTAGE
PAID

Christopher Aire
Solid 21 Incorporated
22287 Muholland Highway, suite 82
CALABASAS, CA 91302

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge J. Spencer Letts and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

## CV11- 468 JSL (JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

The United States District Judge assigned to this case will review all filed discovery motions and thereafter, on a case-by-case or motion-by-motion basis, may refer discovery related motions to the Magistrate Judge for hearing and determination

=================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Ophir J. Bitton   SBN: 204310
BITTON & ASSOCIATES
12080 Ventura Place, Suite D
Studio City, CA 91604
Tel. No. 818-524-1223

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| Solid 21, Inc., a Nevada Corporation headquartered in Los Angeles, California, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | CV11 468 JSL (JCx) |
| v. | |
| [See Attachment] | SUMMONS |
| DEFENDANT(S). | |

TO:   DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, Bitton & Associates _____, whose address is 12080 Ventura Place, Suite D, Studio City, CA 91604 USA _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Dated:  __1 - 14 - 11__

Clerk, U.S. District Court

By: _____

CHRIS SAWYER

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

# ATTACHMENT

# (SUMMONS)

| PLAINTIFF | DEFENDANTS |
|---|---|
| **SOLID 21, INC.,** a Nevada Corporation headquartered in Los Angeles, California, | **HUBLOT OF AMERICA, INC.,** a Florida Corporation;<br><br>**LVMH MOET HENNESSY LOUIS VUITTTON, INC.,** a Delaware Corporation;<br><br>**LVMH WATCH & JEWELRY USA, INC.,** a Delaware Corporation;<br><br>**LVMH MOET HENNESSY LOUIS VUITTON S.A.,** a French Corporation; and<br><br>**DOES 1-10,** inclusive |