STEPHEN YOUNGERMAN (SBN 98784)
DAVID A. ROBINSON (SBN 161103)
sy@ymlaw.net; dar@ymlaw.net
YOUNGERMAN & McNUTT LLP
1150 West Olympic Boulevard, Suite 900
Los Angeles, CA 90064
Tel: (310) 478-3780; Fax (310) 478-3831

ROBERT E. SHAPIRO (*admitted pro hac vice*)
WENDI E. SLOANE (*admitted pro hac vice*)
SHARON E. CALHOUN (*admitted pro hac vice*)
rob.shapiro@bfkn.com; wendi.sloane@bfkn.com; sharon.calhoun@bfkn.com
BARACK FERRAZZANO KIRSCHBAUM
 & NAGELBERG LLP
200 West Madison Street, Suite 3900
Chicago, IL  60606
Tel: (312) 984-3100; Fax:  (312) 984-3150

*Attorneys for Defendants LVMH MOET HENNESSY LOUIS VUITTON INC.,
LVMH WATCH & JEWELRY USA, INC., and Defendant and Counter-Claimant
HUBLOT of AMERICA*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOLID 21, INC., <br><br> Plaintiff, <br><br> vs. <br><br> HUBLOT OF AMERICA, et al., <br><br> Defendants. <br> HUBLOT OF AMERICA, et al., <br><br> Counter-Claimant, <br><br> vs. <br><br> SOLID 21, INC., <br><br> Counter-Defendant. | Case No.: cv 11-0468 DMG (JCx) <br><br> *[Assigned to Judge Dolly M. Gee in Courtroom 7]* <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' REQUEST TO CERTIFY FOR INTERLOCUTORY APPEAL THE QUESTION OF THE IMPACT OF GENERICNESS** <br><br> Date: January 9, 2015 <br> Time: 9:30 a.m. <br> Courtroom 7 <br><br> Complaint filed: January 14, 2011 <br> Trial Date: _____ |

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................1

THE COURT'S ORDER ....................................................................................4

ARGUMENT .....................................................................................................6

A.    The Summary Judgment Order Should Be Certified For Interlocutory
      Appeal..........................................................................................................6

      1.    The Genericness Of The Term Red Gold Is A Controlling Issue
            Of Law...................................................................................................8

      2.    There Are Substantial Grounds For A Difference Of Opinion On
            The Relevant Date To Determine Genericness....................................9

      3.    Immediate Appeal Will Terminate The Litigation If Defendants
            Prevail.................................................................................................15

CONCLUSION ...............................................................................................16

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANTS' REQUEST TO CERTIFY FOR INTERLOCUTORY
APPEAL THE QUESTION OF THE IMPACT OF GENERICNESS

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*A&H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*,
   237 F.3d 198 (3rd Cir. 2000) ...............................................................14

*Abercrombie & Fitch Co. v. Hunting World, Inc.*,
   537 F.2d 4 (2d Cir. 1976) ..............................................................13, 14

*Advertise.com, Inc. v. AOL Adver., Inc.*,
   616 F.3d 974 (9th Cir. 2010) ...............................................................12

*Anti-Monopoly, Inc. v. Gen. Mills Fun Grp.*,
   611 F.2d 296 (9th Cir. 1979) ...............................................................13

*Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns, Inc.*,
   198 F.3d 1143 (9th Cir. 1999) ........................................................12, 13

*Goodyear's India Rubber Glove Mfg. Co. v. Goodyear Rubber Co.*,
   128 U.S. 598 (1888)..............................................................................13

*Harley-Davidson, Inc. v. Grottanelli*,
   164 F.3d 806 (2d Cir. 1999) ................................................................14

*Helman v. Alcoa Global Fasteners, Inc.*,
   2009 U.S. Dist. LEXIS 64720 (C.D. Cal. June 16, 2009).......................9, 10, 16

*Home Builders Ass'n of Greater St. Louis v. L&L Exhibition Mgmt., Inc.*,
   226 F.3d 944 (8th Cir. 2000) ...............................................................14

*In re Cement Antitrust Litigation*,
   673 F.2d 1020 (9th Cir. 1982) .......................................................6, 8, 9

*Keebler Co. v. Rovira Biscuit Corp.*,
   624 F.2d 366 (1st Cir. 1980)................................................................14

*L.A. v. Santa Monica Bay Keeper*,
   254 F.3d 882 (9th Cir. 2001) .................................................................6

*Microsoft Corp. v. Lindows.com, Inc.*,
   No. 02-2115, 2004 U.S. Dist. LEXIS 5584 (W.D. Wash. Feb. 10, 2004) ..*passim*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANTS' REQUEST TO CERTIFY FOR INTERLOCUTORY
APPEAL THE QUESTION OF THE IMPACT OF GENERICNESS

*MRW, Inc. v. Big-O Tires, LLC*,
    No. 08-1732, 2009 U.S. Dist. LEXIS 13058 (E.D. Cal. Feb. 20, 2009) ........8, 15

*Northstar Fin. Advisors Inc. v. Schwab Invs.*,
    No. 08-4119, 2009 U.S. Dist. LEXIS 39410 (N.D. Cal. April 27, 2009) ..........10

*Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*,
    469 U.S. 189 (1985)................................................................................11

*Retail Servs., Inc. v. Freebies Publ'g*,
    364 F.3d 535 (4th Cir. 2004) ...........................................................14

*Robbins Co. v. Lawrence Mfg. Co.*,
    482 F.2d 426 (9th Cir. 1973) ...........................................................15

*Singer Mfg. Co. v. June Mfg. Co.*,
    163 U.S. 169 (1896)................................................................................13

*Steering Comm. v. U.S.*,
    6 F.3d 572 (9th Cir. 1993) .................................................................9

*Stuart v. RadioShack Corp.*,
    No. 07-449, 2009 U.S. Dist. LEXIS 57963 (N.D. Cal. June 5, 2009) ................6

*Surgicenters of America, Inc. v. Medical Dental Surgeries, Co.*,
    601 F.2d 1011 (9th Cir. 1979) ....................................................12, 13

*U.S. v. Woodbury*,
    263 F.2d 784 (9th Cir. 1959) ...........................................................9

*Welding Servs. v. Forman*,
    509 F.3d 1351 (11th Cir. 2008) .......................................................15

*Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*,
    419 F.3d 925 (9th Cir. 2005) .................................................*passim*

**STATUTES**

28 U.S.C. §1292(b) .......................................................................*passim*

**OTHER AUTHORITIES**

2 <u>McCarthy on Trademarks and Unfair Competition</u> §12:30 at 12-123
    (4th ed. 2014)................................................................................13

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANTS' REQUEST TO CERTIFY FOR INTERLOCUTORY
APPEAL THE QUESTION OF THE IMPACT OF GENERICNESS

# INTRODUCTION

"Once generic, always generic."  This principle has been endorsed by almost every court across the country, including district courts in this Circuit, as well as the most authoritative treatise on trademarks.  The Ninth Circuit itself has seemed to adopt this rule.  The upshot of the principle is that if a mark has at any time been deemed a generic term, it may never thereafter become a protectable trademark, barring the most rare and extreme circumstances.  At a minimum, the burden would fall squarely on the trademark claimant to prove a unique exception to the general rule.

The Court's ruling in this case appears to depart from this fundamental concept.  The lynchpin of the Court's denial of Defendants' motion for summary judgment was its view that, although it was indisputable that the term "Red Gold" was generic in 2003 (when plaintiff Solid 21 first entered the marketplace), there was "more than a scintilla" of evidence that it had become a protectable trademark by 2005 (when Defendant Hublot began to use the term "red gold" to describe its watches).  The Court itself acknowledged that the "more logical date for determining genericness should be the date that the trademark holder entered the market," *i.e.,* 2003.  (September 29, 2014 Order [Doc. #129] ("Summary Judgment Order") at 15 n.2.)  The Court believed, however, that it was "constrained by Ninth Circuit precedent," which it said "squarely holds that the relevant date for

determining genericness is the date that the alleged infringer entered the market." *Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.,* 419 F.3d 925, 928 (9th Cir. 2005). It then found that there was just enough evidence that what had been generic in 2003 may have become protectable in 2005 to go to trial.

For the reasons discussed more fully below, Defendants do not believe the Ninth Circuit case law requires the result mentioned. To the contrary, existing Ninth Circuit case law seems to comport fully with the "once generic, always generic" principle adopted by almost all courts, including the Court's sister courts in this Circuit. To resolve the resulting conflict in the district courts, and clarify the Ninth Circuit's position, Defendants respectfully request that the Court certify the question for interlocutory appeal to the Ninth Circuit.

The Court's ruling satisfies the three criteria for interlocutory appeal under 28 U.S.C. §1292(b): (1) it is a controlling question of law in this case; (2) there are now, with the Court's decision, substantial grounds for a difference of opinion; and (3) immediate appeal will materially advance the ultimate termination of this litigation. Clearly, the issue is the controlling question of law for this case, as it is the only basis upon which the Court denied Defendants' summary judgment motion. Accordingly, if the Ninth Circuit clearly adopts the "once generic, always generic" rule, the relevant date for determining genericness under these circumstances is the date that Solid 21 entered the market. The Court has already

stated it would grant Defendants' motion for summary judgment on that basis, thereby terminating the litigation.

Second, the Court's decision has created an issue with substantial grounds for a difference of opinion.  In *Microsoft Corp. v. Lindows.com, Inc.*, No. 02-2115, 2004 U.S. Dist. LEXIS 5584 (W.D. Wash. Feb. 10, 2004), another district court in this Circuit ruled that it would not instruct a jury that a term that was generic might have become a protectable trademark thereafter.  The Ninth Circuit declined to review that decision, allowing it, along with its "once generic, always generic" rule, to stand.  Further, in other cases, the Court of Appeals has appeared to endorse this principle as well.  Thus, there is not only a difference between the decision of this Court and that in *Microsoft*, but a strong signal from the Ninth Circuit how the difference of opinion should be resolved.  Immediate appeal will permit the Court of Appeals to express its view definitively.

The Ninth Circuit's decision in *Yellow Cab* is not to the contrary.  That case did not confront the "once generic, always generic" principle, but the converse case.  *Yellow Cab* observed that the plaintiff bore the burden of proof to show that its unregistered mark had not subsequently become generic. *Yellow Cab,* 419 F.3d at 928. In that situation, the relevant date for determining genericness was the date that the alleged infringer entered the market with the disputed term.  The Court did not address whether a term that is generic could become otherwise.

Defendants therefore respectfully request that the Court certify the Order for interlocutory appeal under 28 U.S.C. §1292(b) so that Defendants can immediately present the following issue for appeal before the Ninth Circuit:

> *Is a trademark that was generic at the time of registration always generic, so that evidence of secondary meaning acquired after registration is not relevant to the validity of the trademark?*

Immediate appeal will advance resolution of this case.  If the "once generic, always generic rule" adopted by nearly all courts is applicable here, the parties will be spared the burden and expense of preparing this case for trial and trying it.

## THE COURT'S ORDER

This case comprises a claim by Plaintiff that the Defendants' use of the term "red gold" infringed its alleged trademark rights. Defendants filed a Motion for Summary Judgment on January 3, 2014, and a hearing was held on April 25, 2014.  At issue was Defendants' assertion that the term "RED GOLD" was generic and therefore not entitled to trademark protection. (Summary Judgment Order at 12.)

On September 29, 2014, the Court denied the motion. It acknowledged that "Defendants…presented overwhelming evidence of genericness prior to the registration of Solid 21's trademark." (*Id.* at 15 n.2.)  Accordingly, the Court noted that summary judgment in Defendants' favor would have been ordered "if the relevant period was prior to registration of Solid 21's 2003 trademark." (*Id.*)

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANTS' REQUEST TO CERTIFY FOR INTERLOCUTORY
APPEAL THE QUESTION OF THE IMPACT OF GENERICNESS

Indeed, "[i]n a case such as this — where there is undisputed evidence of generic use of the term for decades before it was trademarked and no evidence of a non-generic meaning before the trademark holder entered the market — the more logical date for determining genericness should be the date the trademark holder entered the market with the trademarked term." (*Id.* at 17 n.3.)

Nevertheless, the Court believed it was constrained by *Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 928 (9th Cir. 2005). In that case, the Ninth Circuit found that "[t]he crucial date for the determination of genericness is the date on which the alleged infringer entered the market with the disputed mark or term." Here, the Court found a disputed issue of fact regarding whether Red Gold was generic when the alleged infringer entered the market in 2005. (Summary Judgment Order at 23-26.) It accordingly denied Defendants' motion.

The striking element of the Court's decision is that, after finding the term generic in 2003, it still believed the term could have become a protectable trademark thereafter. This constituted an implicit rejection of the "once generic, always generic" principle.

# ARGUMENT

## A.   THE SUMMARY JUDGMENT ORDER SHOULD BE CERTIFIED FOR INTERLOCUTORY APPEAL.

The permissive interlocutory appeal procedure of 28 USC §1292(b) gives district courts the flexibility to certify non-final orders for immediate appeal in instances where the rigid application of the final judgment rule would result in injustice.[1] *Stuart v. RadioShack Corp.*, No. 07-449, 2009 U.S. Dist. LEXIS 57963 at *3-4 (N.D. Cal. June 5, 2009) ("section 1292(b) is best used to inject an element of flexibility into the technical rules of appellate jurisdiction").  An interlocutory order can be certified for immediate review if there is: (1) a controlling question of law; (2) on an issue with substantial grounds for difference of opinion; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. §1292(b); *see also In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982).

Not only does the Summary Judgment Order satisfy all three criteria, this very issue was previously found to be appropriate for interlocutory appeal by a sister court.  In *Microsoft Corp. v. Lindows.com, Inc.*, No. 02-2115, 2004 U.S. Dist. LEXIS 5584 (W.D. Wash. Feb. 10, 2004), the District Court for the Western District of Washington reached the opposite conclusion from that of this Court:

---

[1]  This Court also has plenary power to reverse this non-final order.  *L.A. v. Santa Monica Bay Keeper*, 254 F.3d 882, 885 (9th Cir. 2001) ("The general rule regarding the power of a district court to rescind an interlocutory order is as follows: As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.")

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANTS' REQUEST TO CERTIFY FOR INTERLOCUTORY
APPEAL THE QUESTION OF THE IMPACT OF GENERICNESS

> [The Court] will instruct the jury to consider whether the Windows mark was generic during the period before Microsoft Windows 1.0 entered the marketplace in November 1985. Furthermore, the Court will ***not*** instruct the jury that, even if the term Windows were generic prior to November 1985, the trademark would nonetheless be valid today so long as the primary significance of the term today is not generic.

*Id.* at *4 (emphasis in the original). The genericness of the term in November 1985 settled the issue: once generic, always generic.

The *Microsoft* court nevertheless certified the issue to the Ninth Circuit. There, as here, the issue was whether the purported trademark was generic in the marketplace before the plaintiff began to use it. If it was, no amount of evidence could make it valuable and protectable today. There, as here, this was a controlling question of law, the determination of which would materially affect the outcome of the litigation.

After certification by the district court, however, the Ninth Circuit denied Microsoft's petition for appeal. The effect was to uphold the *Microsoft* court's ruling that the time before registration was the proper time for measuring genericness *and* a generic term could not become a trademark even if it subsequently acquired secondary meaning. As a result, certification is even more appropriate in this case, where the Court's approach is contrary to the view in *Microsoft* and the seeming direction of the Ninth Circuit. Viewed independently, moreover, the issue in this case is proper for immediate appeal.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' REQUEST TO CERTIFY FOR INTERLOCUTORY APPEAL THE QUESTION OF THE IMPACT OF GENERICNESS

### 1. The Genericness Of The Term Red Gold Is A Controlling Issue Of Law.

The first requirement for certification of an issue for interlocutory appeal is whether the question to be certified presents a controlling question of law.  In the Ninth Circuit, a question of law is "controlling" if the resolution of the appeal could materially affect the outcome of the litigation.  *In re Cement Antitrust Litigation*, 673 F.2d at 1026; *MRW, Inc. v. Big-O Tires, LLC*, No. 08-1732, 2009 U.S. Dist. LEXIS 13058 at *6 (E.D. Cal. Feb. 20, 2009) (all that is required is that resolution of appeal could materially affect the outcome of litigation).  Defendants' request for certification easily meets this standard.

The genericness of Red Gold presents the controlling question of law in this case.  There can be no question that resolving this issue would materially affect the litigation.  If the term is generic, plaintiff Solid 21 has no protectable rights in it, and the case is at an end.  Indeed, as the Court observed, if genericness were to be determined in 2003, when Solid 21 first entered the marketplace using this term, Defendants would have been entitled to summary judgment.  ("Defendants have presented overwhelming evidence of genericness prior to the registration of Solid 21's trademark—sufficient to merit summary judgment if the relevant period was prior to registration of Solid 21's 2003 trademark").  (Summary Judgment Opinion at 15, n.3.)  And the Court found barely more than a "scintilla" of evidence to find non-genericness in 2005.  *Id*. at 23. If the Ninth Circuit were to clearly endorse the

"once generic, always generic" rule, or even place the burden on Plaintiff to prove a rare case of non-genericness in 2005, this case would be over.

The question Defendants seek to certify is solely a question of law that does not require the Ninth Circuit to consider the merits of the litigation.  This is the type of fundamental question of law that Section 1292(b) was intended to address.  *Steering Comm. v. U.S.*, 6 F.3d 572, 575 (9th Cir. 1993) (failing to apply appropriate standard is pure question of law appropriate for interlocutory appeal); *U.S. v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959) (examples of controlling questions include legal questions "which the district court has decided in a manner which keeps the litigation alive but which, if answered differently on appeal, would terminate the case");  *Helman v. Alcoa Global Fasteners, Inc.*, 2009 U.S. Dist. LEXIS 64720 at *16 (C.D. Cal. June 16, 2009) (pure legal questions involving no factual issues are especially appropriate for interlocutory appeal). The first requirement for interlocutory appeal is clearly met here.

### 2.  There Are Substantial Grounds For A Difference Of Opinion On The Relevant Date To Determine Genericness.

The second criterion for certification of a question for interlocutory appeal is whether there are substantial grounds for a difference of opinion on the issue sought to be certified. *In re Cement Antitrust Litigation*, 673 F.2d at 1026. Such is the case here.

9

In the Ninth Circuit, substantial grounds for a difference of opinion exist if the challenged ruling conflicts with decisions of other courts.  *Northstar Fin. Advisors Inc. v. Schwab Invs.*, No. 08-4119, 2009 U.S. Dist. LEXIS 39410 at *2-3 (N.D. Cal. April 27, 2009). When determining whether there are substantial grounds for dispute, the central inquiry is "the strength of the arguments in opposition to the challenged ruling." *Helman*, 2009 U.S. Dist. 64720, at *17.  Here, the challenged ruling conflicts with at least one other trial court ruling in this Circuit, as well as numerous suggestive comments by the Ninth Circuit itself.  It also conflicts with all other Circuits that have considered the issue.  As such, Defendants satisfy the second requirement for certification of this issue for interlocutory appeal.

This Court itself recognized that, in finding that a previously-generic term could subsequently acquire secondary meaning that might create trademark rights, its decision conflicts with *Microsoft* (Summary Judgment Order at 15 n.3.)  The Court concluded, however, that *Yellow Cab,* decided after *Microsoft*, required it to consider whether there was any evidence that the term Red Gold, generic in 2003 when Solid 21 first used it, had developed secondary meaning in 2005 when Hublot began to use it.  Respectfully, Defendants believe that the Court has misconstrued *Yellow Cab.*

*Yellow Cab* was **not** a case in which the term at issue was generic when the plaintiff began to use it and became protectable thereafter.  Rather, the question before the Ninth Circuit was the converse: which party bore the burden to prove that the unregistered "mark YELLOW CAB **has become generic** through widespread use in the marketplace."  419 F.3d at 926 (emphasis added).  Indeed, in explaining its rationale for placing the burden of proof on the alleged infringer, the Ninth Circuit, following the Supreme Court's decision in *Park 'N Fly,*[2] observed that, "[c]ompetitors may use a term that was a once-distinctive mark if it has become generic over time." 419 F.3d at 928.  In that circumstance, the Court found that the crucial date for the determination of genericness is the date on which the alleged infringer entered the market using the disputed term.  *Id.*

The case before this Court however, is not one in which, as in *Yellow Cab*, a once-distinctive trademark is alleged to have become generic.  Rather, as the Court found, it is indisputable that the term Red Gold was generic in 2003 when Solid 21 first used it in the marketplace.  Instead, this case concerns whether a generic term might later have become protectable.  By finding that the relevant date for determining genericness was in 2005, when Hublot first used the term, the Court effectively ruled that a term that was generic in 2003 could nevertheless become a protectable trademark later on if it acquired secondary meaning.

---

[2]  *Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.,* 469 U.S. 189, 194 (1985).

As stressed, this ruling—in a situation that is the converse of *Yellow Cab*—conflicts with other decisions in this Circuit—the *Microsoft* case, in particular—and appears contrary to what the Ninth Circuit has itself said about the circumstances at issue in this case.  In *Surgicenters of America, Inc. v. Medical Dental Surgeries, Co.*, 601 F.2d 1011, 1014 (9th Cir. 1979), the Ninth Circuit held in slightly different circumstances that a generic term "cannot become a trademark under any circumstances."  Therefore, a "generic word cannot be validly registered as a trademark even if there is proof of secondary meaning."  *Id.* at 1017.  The Ninth Circuit reasoned that a once-generic term could never be a trademark even if it had become identified with a single user because it "would grant the owner of a mark a monopoly, since a competitor could not describe his goods as they are."  *Id.*

The same result appears to have been reached in *Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns, Inc.*, 198 F.3d 1143, 1146 (9th Cir. 1999) ("If the term is generic, it cannot be the subject of trademark protection under any circumstances, even with a showing of secondary meaning."). *See also Advertise.com, Inc. v. AOL Adver., Inc.*, 616 F.3d 974, 981 (9th Cir. 2010) ("generic terms cannot be valid marks subject to trademark protection"). Thus, before *Yellow Cab,* the Ninth Circuit appeared unequivocally to determine that a generic trademark is always generic, and a court may ***not*** consider evidence of subsequently-developed secondary meaning.

*Yellow Cab* should not be viewed as contrary to *Surgicenters* and *Filipino Yellow Pages* because *Yellow Cab* did not address the "once generic, always generic" rule, but rather the converse situation, a protectable trademark alleged to have become generic.  But short of a reconsideration by the Court of its decision, there is now a split among the trial courts and substantial controversy regarding the Ninth Circuit's position on the "once generic, always generic" principle.

There are strong policy reasons supporting the "once generic, always generic" rule this Court has seemingly rejected.   A term is generic if its significance in the mind of the consuming public is what the product is, not the source of the product.  *Anti-Monopoly, Inc. v. Gen. Mills Fun Grp.*, 611 F.2d 296, 302 (9th Cir. 1979).  Generic terms, by definition, cannot indicate source and cannot serve as trademarks, which are nothing more than source identifiers.  *Surgicenters*, 601 F.2d at 1015.  Thus, generic terms can never be "captured" from the public domain, even if significant advertising dollars are expended in the effort to acquire secondary meaning.[3] *Abercrombie & Fitch Co. v. Hunting World, Inc.,*

---

[3] There are only two known instances in the history of American trademark law where once distinctive trademarked terms, GOODYEAR and SINGER, became generic, but were later reclaimed from the public domain. 2 McCarthy on Trademarks and Unfair Competition §12:30 at 12-123 (4th ed. 2014) [hereinafter McCarthy on Trademarks]. Both cases were decided in the nineteenth century and involved personal names that were previously distinctive marks but later became generic and were "recaptured" as trademarks through a change of usage, over decades, and massive amounts of advertising.  *Singer Mfg. Co. v. June Mfg. Co.*, 163 U.S. 169 (1896); *Goodyear's India Rubber Glove Mfg. Co. v. Goodyear Rubber Co.*, 128 U.S. 598 (1888). These two decisions present highly exceptional circumstances that do not alter the rule that once a term is generic, it is always generic. 2 McCarthy on Trademarks §12:30 at 12-126.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' REQUEST TO CERTIFY FOR INTERLOCUTORY APPEAL THE QUESTION OF THE IMPACT OF GENERICNESS

537 F.2d 4, 9 (2d Cir. 1976).[4]   To grant trademark status to a generic term essentially gives a single user a monopoly and prevents all other manufacturers from accurately identifying their products.

The Court's implicit rejection of the "once generic, always generic" principle and its interpretation of the converse case in *Yellow Cab of Sacramento* also create a conflict with the decisions in all other Circuits to have considered this issue.  *See e.g. Keebler Co. v. Rovira Biscuit Corp.,*  624 F.2d 366, 373-374 (1st Cir. 1980) (no amount of proof that a generic term has acquired secondary meaning can transform term into registrable mark); *Abercrombie,* 537 F.2d at 9 ("no matter how much money and effort the user of a generic term has poured into promoting the sale of its merchandise and what success it has achieved in securing public identification," it cannot be trademarked). *A&H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 222 (3rd Cir. 2000); *Retail Servs., Inc. v. Freebies Publ'g*, 364 F.3d 535, 547 (4th Cir. 2004) (evidence of an acquired secondary meaning is irrelevant if a term has been found to be generic); *Miller Brewing Co. v. G. Heileman Brewing* Co., 561 F.2d 75, 79 (7th Cir. 1977), cert. denied, 434 U.S. 1025 (1978); *Home Builders Ass'n of Greater St. Louis v. L&L*

---

[4]   Although the Ninth Circuit has not specifically addressed the relevant time period for determining genericness of a term that was generic when the plaintiff adopted it, the Second Circuit held that it was reversible error for the district court to consider evidence that a term that was generic at registration had acquired trademark status after registration.  *Harley-Davidson, Inc. v. Grottanelli,* 164 F.3d 806, 811 (2d Cir. 1999).  The Second Circuit held that "[e]ven the presumption of validity arising from federal registration … cannot protect a mark that is shown on strong evidence as to the relevant category of products prior to the proprietor's trademark use and registration." *Id.*

*Exhibition Mgmt., Inc.*, 226 F.3d 944, 949 (8th Cir. 2000) (generic mark cannot be registered nor exclusively used even with proof of secondary meaning); *Welding Servs. v. Forman*, 509 F.3d 1351, 1358 (11th Cir. 2008) (trademark law does not protect a producer who "has acquired a de facto secondary meaning'" in a generic term).

For all these reasons, Defendants have satisfied the second element for certification.

### 3.  Immediate Appeal Will Terminate The Litigation If Defendants Prevail.

Finally, Defendants also satisfy the third perquisite for certification under §1292(b): an immediate appeal would materially advance the litigation, thereby promoting judicial efficiency and economy.  *Robbins Co. v. Lawrence Mfg. Co.*, 482 F.2d 426 (9th Cir. 1973) (interlocutory appeal allowed where decision might avoid protracted, expensive litigation).

Certification for appeal now will advance the litigation because appeal may hasten conclusion of the lawsuit.  *MRW, Inc.*, 2009 U.S. Dist. LEXIS 13058, at *6 (case will materially advance the litigation because it would dispose of all claims). Certification will also promote judicial economy and preserve the resources of not only the Court, but also the parties.  Discovery has been conducted only on the limited issues presented on summary judgment. [Dkt. No. 59, 60.]  The next phase of litigation will require, among other things, expert discovery.  Preparing this case

for trial will likely be expensive and time-consuming.  If Defendants prevail on their appeal, the need for discovery will be obviated and the case can be terminated.

The issue Defendants seek to certify is thus a "highly debatable question that is easily separated from the rest of the case, that offers an opportunity to terminate the litigation completely, and that may spare the parties the burden of a trial that is expensive for them even if not for the judicial system." *Helman*, 2009 U.S. Dist. 64720, at *18 (internal citations omitted).  As such, certification is proper.

## **CONCLUSION**

For the reasons stated herein, Defendants respectfully request that the Court certify for interlocutory appeal the following question of controlling law:

> *Is a trademark that was generic at the time of registration always generic, so that evidence of secondary meaning acquired after registration is not relevant to the validity of the trademark?*

Dated:  October 29, 2014   Respectfully Submitted,
               BARACK FERRAZZANO KIRSCHBAUM
                 & NAGELBERG LLP
               Robert E. Shapiro
               Wendi E. Sloane
               Sharon E. Calhoun
                  -and-
               YOUNGERMAN & McNUTT LLP
               Stephen Youngerman
               David A. Robinson

               By: ___/s/ Robert E. Shapiro_____
                  Robert E. Shapiro

*Attorneys for Defendants LVMH MOET HENNESSY LOUIS VUITTON INC., LVMH WATCH & JEWELRY USA, INC., and Defendant and Counter-Claimant HUBLOT of AMERICA*

17

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 11150 West Olympic boulevard, Suite 900, Los Angeles, California 90064.

On October 29, 2014, I served the foregoing document described as **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' REQUEST TO CERTIFY FOR INTERLOCUTORY APPEAL THE QUESTION OF THE IMPACT OF GENERICNESS** on the interested parties in this action as follows:

**[PER THE ATTACHED SERVICE LIST]**

☒	(BY ELECTRONIC TRANSFER) I caused all of the pages of the above-entitled document(s) to be uploaded to the U.S. District Court "CM/ECF" System to be sent to the recipients listed herein via electronic transfer (EMAIL) at the respective EMAIL addresses indicated herein.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 29, 2014, at Los Angeles, California.


*// Katie Yamashita //*
_____
Katie Yamashita

## SERVICE LIST

*Solid 21, Inc. v. Hublot of America, et al.*
U.S. District Court - Central District Case No.: CV11-468 DMG (JCx)

| | |
|---|---|
| Robert Adam Kashfian<br>Ryan Daniel Kashfian<br>George E. Akwo<br>Kashfian & Kashfian LLP<br>1875 Century Park East, Suite 1340<br>Century City, California 90067-2514<br><br>*Attorneys for Plaintiff and Counter-Defendant SOLID 21, INC.* | Ophir Jacob Bitton<br>Bitton and Associates<br>12080 Ventura Place, Suite D<br>Studio City, California 91604-2634<br><br>*Attorneys for Plaintiff and Counter-Defendant SOLID 21, INC.* |
| John Margiotta<br>Laura Popp-Rosenberg<br>Anna Leipsic<br>Fross Zelnick Lehrman & Zissu, P.C.<br>866 United Nations Plaza<br>New York, NY  10017<br>Tel.:  (212) 813-5900<br>Fax:  (212) 813-5901<br><br>*Attorneys for Defendants LVMH MOET HENNESSY LOUIS VUITTON, INC. and LVMH WATCH & JEWELRY USA, INC. and Defendant and Counter-Claimant HUBLOT OF AMERICA* | Robert Shapiro<br>Wendi E. Sloane<br>Sharon Calhoun<br>Barack Ferrazzano Kirschbaum & Nagelberg LLP<br>200 West Madison Street, Suite 3900<br>Chicago, Illinois  60606<br>Tel.: (312) 984-3166<br><br>*Attorneys for Defendants LVMH MOET HENNESSY LOUIS VUITTON, INC. and LVMH WATCH & JEWELRY USA, INC. and Defendant and Counter-Claimant HUBLOT OF AMERICA* |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANTS' REQUEST TO CERTIFY FOR INTERLOCUTORY
APPEAL THE QUESTION OF THE IMPACT OF GENERICNESS