**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SOLID 21, INC.,

               Plaintiff,

    v.

HUBLOT OF AMERICA, et al.,

               Defendants.

Case No. CV 11-00468 DMG (JCx)

**ORDER RE MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL THE QUESTION OF THE IMPACT OF GENERICNESS [141]**

      This matter is before the Court on the Motion to Certify for Interlocutory Appeal the Question of the Impact of Genericness filed by Defendants Hublot of America, LVMH Moet Hennessy Louis Vuitton SA, LVMH Moet Hennessy Louis Vuitton, Inc., and LVMH Watch and Jewelry USA, Inc. [Doc. # 141.] The Court construes Defendants' motion for interlocutory appeal as one also requesting reconsideration of the Order Re Defendants' Motion for Summary Judgment on the question of law upon which the motion is based. Having duly considered the respective positions of the parties, the Court now renders its decision. For the reasons set forth below, the Court **GRANTS** reconsideration of the Order Re Defendants' Motion for Summary Judgment [Doc. # 129] and **DENIES** certification for interlocutory appeal as MOOT.

-1-

# I.

## PROCEDURAL HISTORY

On January 14, 2011, Plaintiff Solid 21, Inc. filed a complaint in this Court against Defendants Hublot of America, LVMH Moet Hennessy Louis Vuitton, Inc., LVMH Moet Hennessy Louis Vuitton, SA, and LVMH Watch and Jewelry USA, Inc. [Doc. # 1.] Plaintiff asserted several claims against Defendants, all based on Defendants' alleged use of Plaintiff's trademark "red gold." *Id.*

Defendants moved for summary judgment on all claims [Doc. # 63], and the Court entered an order denying the motion [Doc. # 129]. On October 29, 2014, Defendants filed the instant Motion to Certify for Interlocutory Appeal the Question of the Impact of Genericness. [Doc. # 141.] On October 31, 2014, the Court issued an order on the Case Schedule, setting a briefing schedule for Defendants' motion and noting that it intended to construe the motion as also requesting reconsideration. [Doc. # 142.] The Court also issued an order granting Defendants leave to file a supplemental memorandum addressing any motion for reconsideration. [Doc. # 143.] On November 10, 2014, Defendants filed their supplemental memorandum. [Doc. # 144.] Plaintiff filed its opposition on December 5, 2014 [Doc. # 146], and Defendants filed their reply on December 19, 2014 [Doc. # 147]. On January 7, 2014, the Court took the motion under submission. [Doc. # 149.]

# II.

## BACKGROUND

Plaintiff was formed in 1996 and it owns U.S. Trademark Registration No. 2,793,987 for the word mark "red gold" as used in connection with fine jewelry. Defendants are watch manufacturers and have used "red gold" in connection with gold watches since around 2005.

## III.

## LEGAL STANDARD

### A. Reconsideration

Rule 60(b) provides that a court may relieve a party from any prior order or decision for a number of reasons including, but not limited to, (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence that could not have been discovered with reasonable diligence, and (3) any other reason that justifies relief.  Fed. R. Civ. P. 60(b)(1), (6).  Under Local Rule 7–18, a party may seek reconsideration only on the grounds of (1) a material difference in fact or law from that presented to the court before the decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of the decision; (2) the emergence of new material facts or a change of law occurring after the time of the decision; or (3) a manifest showing of a failure to consider material facts presented to the court before the decision.  C.D. Cal. L.R. 7–18.  Notwithstanding the limitations provided by Local Rule 7–18, "[a]s long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (emphasis omitted).

### B. Interlocutory Appeal

Under 28 U.S.C. § 1292(b),  a district court may certify for immediate appeal an otherwise unappealable interlocutory order where an order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  The Ninth Circuit has construed section 1292(b) to constitute three separate requirements, specifically:  (1) a controlling question of law; (2) on which there are substantial grounds for difference of opinion; and (3) an immediate appeal may materially advance the ultimate termination of the litigation.  *See In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1982).

Because Section 1292(b) "is a departure from the normal rule that only final judgments are appealable," it "must be construed narrowly" and invoked only in "rare circumstances." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). Section 1292(b) certification "requires the district court to expressly find in writing that all three § 1292(b) requirements are met." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

**IV.**

**DISCUSSION**

**A.      Reconsideration**

In the present motion for reconsideration, Defendants argue that the Court applied an erroneous legal standard in deciding their motion for summary judgment.

In their motion for summary judgment, Defendants argued that Plaintiff's mark "red gold" is generic and therefore not entitled to trademark protection. In its Order Re Defendants' Motion for Summary Judgment [Doc. # 129], the Court quoted the Ninth Circuit in *Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 928 (9th Cir. 2005), which states: "The crucial date for the determination of genericness is the date on which the alleged infringer entered the market with the disputed mark or term." The Court understood this passage from *Yellow Cab Co. of Sacramento* to mean that even if a term was generic when Solid 21 began using it, the term could nevertheless be found nongeneric based on evidence arising after the plaintiff entered the market.

The Court is persuaded that its interpretation of *Yellow Cab Co. of Sacramento* was erroneous. The court in *Yellow Cab Co. of Sacramento* called the date when the alleged infringer entered the market the "crucial date" in the context of discussing a situation in which a term that was previously distinctive (nongeneric) has become generic over time. *See id.* ("Competitors may use a term that was once distinctive if it has become generic over time."). On this point, the Ninth Circuit in *Yellow Cab Co. of Sacramento* cited *Nora Beverages, Inc. v. Perrier Grp. of Am., Inc.*, 164 F.3d 736, 744 (2d Cir. 1998), which involved a claim of trade dress infringement of plastic water bottles. In *Nora*

*Beverages, Inc.*, the Second Circuit held that the district court's conclusion that the plaintiff's water bottle design was generic "must be affirmed if [the plaintiff's] trade dress became generic *before* [the defendant entered the market]." *Id.* (emphasis added). The date an alleged infringer enters the market becomes less "crucial" in a situation where the mark has long been a generic term. *See Surgicenters of Am., Inc. v. Medical Dental Surgeries, Co.*, 601 F.2d 1011, 1014 (9th Cir. 1979) (generic term "cannot become a trademark under any circumstances"). As discussed in the Court's Amended Order Re Defendants' Motion for Summary Judgment, this is such a case, where the term was generic before Solid 21 entered the market.

Plaintiff argues that Defendants abandoned, waived, and forfeited the issue addressed in their motion. At the hearing on the motion for summary judgment, the following exchange took place:

> **THE COURT:** But what is the standard? Do you think it's at the time the registration was done or at the time the alleged infringement occurred?
>
> **MR. MARGIOTTA:** I believe that the -- it's the latter, Your Honor. I think those are the cases that I've seen in the Ninth Circuit. It's as of the time that the defendant entered it, entered the market. But that said, I believe that -- and we erred on the side of caution on this.
>
> So, we've given you, and the Court, compelling evidence that this has always been --
>
> It's not something that became generic. It's something that was always generic. As far back as the records go, 18 -- even in the BrightLine case, the court that dismissed this and noted there was an 18 -- I believe it was 1878 Texas newspaper article that referred to "red gold" as a generic.
>
> So, it really turned out to be immaterial here; but in answer to your question, I believe that it's when the defendant entered the marketplace.
>
> **THE COURT:** Well, it's material when the Court has to determine what evidence to look at and find to be material.
>
> **MR. MARGIOTTA:** That's true, Your Honor. And I guess what I would say then is that it's immaterial because we have tried to demonstrate that this has always been generic.

-5-

(April 25, 2014 Reporter's Transcript 8:4-9:4 [Doc. # 126].)

Defendants' counsel thus acknowledged *Yellow Cab Co. of Sacremento* but argued that it did not matter because "red gold" was generic long before Defendants entered the marketplace. Defendants' arguments in the motion for summary judgment—although perhaps unartfully presented—are not contrary to the position Defendants take in the present motion. Defendants have not waived, abandoned, or forfeited the issue.

For the foregoing reasons, Defendants' motion for reconsideration is GRANTED and the Order Re Defendants' Motion for Summary Judgment [Doc. # 129] is VACATED. The Court will issue an amended order on the motion for summary judgment.

**B.      Interlocutory Appeal**

Defendants' request to certify for interlocutory appeal is DENIED as MOOT.

## V.

## CONCLUSION

In light of the foregoing, Defendants' motion for reconsideration is **GRANTED** and the Order Re Defendants' Motion for Summary Judgment is **VACATED**. The Court will issue an Amended Order on the motion for summary judgment. Defendants' request to certify for interlocutory appeal is **DENIED** as **MOOT**.

**IT IS SO ORDERED**.

DATED:  June 12, 2014

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

-6-